UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT WESTBURY
-------------------------------------------------------------X
In re:                                                                           Chapter 7

JAMES T. METZ,                                                          Case No. 893-81478-20

                               Debtor.
-------------------------------------------------------------X

### ORDER DIRECTING THE EXAMINATION OF DEBTOR
### PURSUANT TO BANKRUPTCY RULE 2004

Upon the annexed application (the "Application") of Kenneth P. Silverman, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of James T. Metz (the "Debtor"), by his counsel Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman, seeking the entry of an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rules"), authorizing the examination of the Debtor and no adverse interest being represented, and no additional notice being required, it is hereby

**ORDERED,** the Debtor be, and hereby is directed to appear for examination pursuant to Rule 2004 of the Rules upon ten (10) days written notice at the offices of the attorneys of the Trustee located at 300 Garden City Plaza, Garden City, New York, 11530 and at any adjourned date; and, it is further

**ORDERED,** that the Debtor be, and hereby are directed to produce for examination and duplication, at said offices, at least seven (7) business days prior to the scheduled examination, all books, records and documents which refer to, relate to or otherwise evidence the following:

    A.    The Debtor's 1992 and 1993 federal and state income tax returns or valid extensions of time to file same.

    B.    The Debtor's cancelled checks, financial statements, bankbooks, checkbooks, financial journals and ledgers for the last six years.

C.   Records fully documenting any trust funds or custodial accounts set up by the Debtor during the last six years for his children: James, III, Katherine, Margaret, Lauren, Robert and Alicia, including all account statements relating to same.

D.   Records fully documenting the Debtor's ownership and, if relevant, the transfer of the assets of the Maplewood Land Development Co.

E.   Records fully documenting the ownership of LPG Standard Associates.

F.   Records fully documenting the following sales or transfers, including schedules of payments or other consideration received pursuant to each sale or transfer:

   1.   1991 transfer of 100 Jerusalem/Hamilton House real property to Mitchelltown.

   2.   1991 transfer of 299 Jackson Street real property to Mitchelltown

   3.   1991 transfer of 357 Jackson Street real property to Mitchelltown

   4.   1991 transfer of 51 Bell Street real property to Mitchelltown.

   5.   Transfer of Bechtold Corp.

   6.   1991 transfer of Elk Ct./Bennett Gardens Apt. Corp. real property to Mitchelltown.

   7.   1991 transfer of Front Street Realty/Hofstra Gardens real property to Mitchelltown.

   8.   Transfer of 34 West Columbia Street to H&K.

   9.   Transfer of Debtor's interest in the cooperative apartment located at 419 E. 57th Street, New York, New York.

   10.   Transfer of mortgage(s) receivable in Maplewood Gardens Apt. on February 16, 1992 to H&K and Two Lincoln.

   11.   Transfer of Co-op Apt. 14-22 Jefferson Apt. Corp. on December 24, 1990 to H&K.

   12.   Transfer of three Co-op Apts., Alexander House Apt. Corp. on December 24, 1990 to H&K, Two Lincoln and Peterson Petroleum, respectively.

   13.   Sale of Betuna Corp. on December 23, 1990 to H&K and Peterson Petroleum.

14.    Sale of Co-op Apt., Bryn Mawr Apt. Corp. on December 24, 1990 to H&K.

15.    Sale of Butler House (Hamilton, New York) on April 2, 1990 to H&K.

16.    Sale of Fishers Island House on December 24, 1990 to H&K.

17.    Sale of Co-op Apt., House Beautiful Apt. Corp. on December 24, 1990 to H&K.

18.    Sale of Debtor's shares in Huntington & Kildare in December, 1987 and on December 24, 1990 to Debtor's children and H&K, respectively.

19.    Sale of Life Insurance Policy on Debtor's life on November 23, 1990 to H&K.

20.    Sale of Co-op Apts., Maplewood Garden Apt. Corp. on December 24, 1990 to H&K, Two Lincoln and Peterson Petroleum, respectively.

21.    Sale of Mercedes Benz Automobile in 1990/1991 to H&K.

22.    Sale of Peterson Petroleum on December 24, 1990 to H&K and Two Lincoln.

23.    Sale of the Harlem Valley Rail Bed.

24.    Sale of Co-Op Apt., Rockville Tudor Apt. Corp. on December 24, 1990 to H&K.

25.    Sale of Rolls Royce Automobile 1990/1991 to H&K.

26.    Sale of stock in Salisbury Bank & Trust in 1990 to H&K.

27.    Sale of Sharon Air Service on June 1, 1991.

28.    Sale of personal residence in Sharon, Connecticut on December 24, 1990 to H&K.

29.    Sale of Tudor Air Service in 1992 to H&K.

30.    Sale of Two Lincoln Advisory on December 24, 1990 to H&K and Peterson Petroleum.

31.    Transfers of any other assets to any of the Debtor's family members or business entities in which they have an interest.

**ORDERED,** that pursuant to Rule 9016 of the Rules, the Trustee's attorneys, Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman, be and hereby are authorized to issue a subpoena to the Debtor requiring him to appear at the examination and to produce the said documents; and, it is further

**ORDERED,** that the service of a copy of this Order and a subpoena upon the Debtor, 425 East 51st Street, Apt. 9C, New York, New York 10022, Smith, Buss & Jacobs, Esqs., 750 Lexington Avenue, New York, New York 10022, attorneys for the Debtor, and the office of the United States Trustee, 825 East Gate Boulevard, Garden City, New York 11530, by regular mail, at least ten (10) days prior to the date of the scheduled examination, be deemed good and sufficient service and notice hereof.

Dated:     Westbury, New York
           September 20, 1994

/s/ Robert John Hall
UNITED STATES BANKRUPTCY JUDGE

epc\metz\order.exm

- 4 -

```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT WESTBURY
------------------------------------------------------X
In re:                                                    Chapter 7

JAMES T. METZ,                                            Case No. 893-81478-20

                        Debtor.
------------------------------------------------------X
```

## APPLICATION FOR AN ORDER DIRECTING EXAMINATION
## OF DEBTOR PURSUANT TO BANKRUPTCY RULE 2004

TO:   The Honorable Robert John Hall
      United States Bankruptcy Judge
      United States Bankruptcy Court
      Eastern District of New York, at Westbury:

Kenneth P. Silverman, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of James T. Metz (the "Debtor"), by his counsel Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman, by Eugene P. Cimini Jr., Esq., respectively represents and sets forth the following:

### BACKGROUND

1. On March 16, 1993 (the "Filing Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United Bankruptcy Court, for the Eastern District of New York.

2. Thereafter, by Order of this Court dated May 16, 1994 (the "Conversion Date"), the Debtor's Chapter 11 proceeding was converted to a Chapter 7 liquidation proceeding.

3. By Notice of Appointment dated May 23, 1994, Neil Ackerman, Esq., was appointed as the interim Chapter 7 Trustee of the estate.

4. Thereafter, by Notice of Appointment dated June 27, 1994, Kenneth P. Silverman, Esq. (the "Trustee") was appointed the successor interim Chapter 7 Trustee of the Debtor's estate and has since duly qualified and is acting in that capacity.

5. Prior to the Filing Date, the Debtor had extensive holdings in both real estate and various business entities located primarily in the States of New York and Connecticut. In the six (6) years prior to the Filing Date, there is evidence of numerous transfers of the Debtor's real estate and business interests.

6. On August 9, 1994, the attorneys for the Trustee wrote to the attorneys for the Debtor and requested records related to both the Debtor's business and real estate interests and specific transfers thereof. To date, neither the Debtor nor his attorneys have fulfilled the Trustee's aforesaid requests for records.

7. The Trustee desires to examine the Debtor concerning his knowledge and to obtain information and documents regarding the Debtor's business and real estate assets and the transfers thereof.

8. The Trustee submits that an examination of the Debtor and the documents requested hereinbelow, may lead to the discovery of assets for the benefit of the estate and will enable the Trustee to conclude this estate.

9. The Trustee requests that the Debtor be directed to appear for examination pursuant to Bankruptcy Rule 2004, upon ten (10) days written notice at the offices of the attorneys for the Trustee at 300 Garden City Plaza, Garden City, New York.

10. In addition, the Trustee request that the Debtor be directed to produce for examination and duplication at said offices, at least seven (7) business days prior to the

scheduled examination, all books, records and documents which refer to, relate to, or otherwise evidence the following:

    A.    The Debtor's 1992 and 1993 federal and state income tax returns or valid extensions of time to file same.

    B.    The Debtor's cancelled checks, financial statements, bankbooks, checkbooks, financial journals and ledgers for the last six years.

    C.    Records fully documenting any trust funds or custodial accounts set up by the Debtor during the last six years for his children: James, III, Katherine, Margaret, Lauren, Robert and Alicia, including all account statements relating to same.

    D.    Records fully documenting the Debtor's ownership and, if relevant, the transfer of the assets of the Maplewood Land Development Co.

    E.    Records fully documenting the ownership of LPG Standard Associates.

    F.    Records fully documenting the following sales or transfers, including schedules of payments or other consideration received pursuant to each sale or transfer:

        1.    1991 transfer of 100 Jerusalem/Hamilton House real property to Mitchelltown.

        2.    1991 transfer of 299 Jackson Street real property to Mitchelltown

        3.    1991 transfer of 357 Jackson Street real property to Mitchelltown

        4.    1991 transfer of 51 Bell Street real property to Mitchelltown.

        5.    Transfer of Bechtold Corp.

        6.    1991 transfer of Elk Ct./Bennett Gardens Apt. Corp. real property to Mitchelltown.

        7.    1991 transfer of Front Street Realty/Hofstra Gardens real property to Mitchelltown.

        8.    Transfer of 34 West Columbia Street to H&K.

        9.    Transfer of Debtor's interest in the cooperative apartment located at 419 E. 57th Street, New York, New York.

10. Transfer of mortgage(s) receivable in Maplewood Gardens Apt. on February 16, 1992 to H&K and Two Lincoln.

11. Transfer of Co-op Apt. 14-22 Jefferson Apt. Corp. on December 24, 1990 to H&K.

12. Transfer of three Co-op Apts., Alexander House Apt. Corp. on December 24, 1990 to H&K, Two Lincoln and Peterson Petroleum, respectively.

13. Sale of Betuna Corp. on December 23, 1990 to H&K and Peterson Petroleum.

14. Sale of Co-op Apt., Bryn Mawr Apt. Corp. on December 24, 1990 to H&K.

15. Sale of Butler House (Hamilton, New York) on April 2, 1990 to H&K.

16. Sale of Fishers Island House on December 24, 1990 to H&K.

17. Sale of Co-op Apt., House Beautiful Apt. Corp. on December 24, 1990 to H&K.

18. Sale of Debtor's shares in Huntington & Kildare in December, 1987 and on December 24, 1990 to Debtor's children and H&K, respectively.

19. Sale of Life Insurance Policy on Debtor's life on November 23, 1990 to H&K.

20. Sale of Co-op Apts., Maplewood Garden Apt. Corp. on December 24, 1990 to H&K, Two Lincoln and Peterson Petroleum, respectively.

21. Sale of Mercedes Benz Automobile in 1990/1991 to H&K.

22. Sale of Peterson Petroleum on December 24, 1990 to H&K and Two Lincoln.

23. Sale of the Harlem Valley Rail Bed.

24. Sale of Co-Op Apt., Rockville Tudor Apt. Corp. on December 24, 1990 to H&K.

25. Sale of Rolls Royce Automobile 1990/1991 to H&K.

26. Sale of stock in Salisbury Bank & Trust in 1990 to H&K.

27. Sale of Sharon Air Service on June 1, 1991.

28. Sale of personal residence in Sharon, Connecticut on December 24, 1990 to H&K.

29. Sale of Tudor Air Service in 1992 to H&K.

30. Sale of Two Lincoln Advisory on December 24, 1990 to H&K and Peterson Petroleum.

31. Transfers of any other assets to any of the Debtor's family members or business entities in which they have an interest.

11. No previous application for the relief herein requested has been made to this or any other Court.

**WHEREFORE**, the Trustee prays for an Order of this Court granting all of the relief sought herein and for such other, further and different relief as may be deemed just and proper.

Dated:     Garden City, New York
             September 19, 1994

                              JASPAN, GINSBERG, SCHLESINGER,
                                SILVERMAN & HOFFMAN
                              Attorneys for Kenneth P. Silverman, Esq.,
                              Interim Chapter 7 Trustee of the Estate of
                              James T. Metz

By: _____
       Eugene P. Cimini Jr., Esq. (#EPC 7629)
       A Member of the Firm
       300 Garden City Plaza
       Garden City, New York 11530
       (516) 746-8000

epc\metz\application