UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X

In re:    JAMES T. METZ, a/k/a                    JUDGMENT
          JAMES T. METZ JR.
                                                  CV 95 - 0826 (TCP)


---------------------------------X

A memorandum and order of Hon. Thomas C. Platt, United States District Judge, having been filed on August 30, 1995, denying Chapter II debtor James T. Metz's's motion for leave to appeal the Bankruptcy Court's order dated January 26, 1995, and for a writ of mandamus, it is

ORDERED AND ADJUDGED that James T. Metz's's motion for leave to appeal the Bankruptcy Court's order dated January 26, 1995, and for a writ of mandamus is hereby denied.


Dated:    Uniondale, New York              ROBERT C. HEINEMANN
          September 7, 1995                Clerk of the Court

                                           By: Joseph DiTalia
                                               Joseph DiTalia
                                               Deputy Clerk-in-Charge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

In Re JAMES T. METZ, a/k/a
      JAMES T. METZ JR.              95-CV-0826 (TCP)

                Debtor               MEMORANDUM
                                     AND ORDER
----------------------------------X

PLATT, Judge.

Chapter 11 debtor, James T. Metz ("the Debtor") moves for leave to appeal, or in the alternative, a writ of mandamus, to review an interlocutory order of the Bankruptcy Court denying the Debtor's motion to disqualify the United States Bankruptcy Court Judge Robert J. Hall from these proceedings. For the reasons discussed herein, Debtor's motions are denied.

II. Discussion

Pursuant to 28 U.S.C. § 158(c), a district court has the jurisdiction to grant leave to appeal from interlocutory orders of the Bankruptcy Court. In re Tesmetges, 86 B.R. 21, 23 (E.D.N.Y. 1988), aff'd, 862 F.2d 304 (2d Cir. 1988). Debtor's appeal from the Bankruptcy Judge's decision not to recuse himself is clearly an interlocutory appeal. See Armstrong v. McAlpin, 625 F.2d 433, 438 (2d Cir. 1980) (en banc)

("orders denying motions for recusal of the trial judge" are interlocutory, and "no immediate appeal is available as a matter of right"). Section 158(c), however, does not provide any criteria for determining whether or not a district court should grant leave to appeal an interlocutory order in a particular case. <u>In re IBI Security Service Inc. v. National Westminster Bank USA, et al.</u>, 174 B.R. 664, 669 (E.D.N.Y. 1994). Therefore, it is well settled that district courts should adopt the standards set forth in 28 U.S.C. § 1292(b) which dictate the circumstances under which courts may accept interlocutory appeals in bankruptcy cases. <u>Id.</u> at 669.

    Under section 1292(b) an interlocutory appeal may be granted when (1) the order appealed from involves a controlling question of law, and (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. Interlocutory decisions of bankruptcy courts are not generally appealable. Indeed, "to allow appeals of preliminary, non-final orders in bankruptcy cases 'would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal

litigation.'" In re Manville Forest Products Corporation, 47 B.R. 955, 957 (S.D.N.Y 1985) (quoting In re Casco Bay Lines, Inc., 8 B.R. 784, 786 (Bankr. 1st Cir. 1981)). In addition, to "depart[] from the basic policy of postponing appellate review until after the entry of a final judgment," exceptional circumstances must exist. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

Debtor submits that Judge Hall has made statements which tend to draw into question his impartiality towards Debtor. In particular, Debtor contends that:

> at the hearing of the motion of the former Creditors' Committee for the appointment of a Chapter 11 trustee, Judge Hall did not hold an evidentiary hearing even though material issues as to Debtor's credibility had been raised. Additionally, Judge Hall demonstrated his bias when he stated that Debtor's plan of reorganization, which was not before the Court at the time, [sic] could never confirm. The Bankruptcy Court stated that this opinion was based upon the Debtor's lack of credibility in previous testimony before [sic] Court. However, as documented by the record, the Debtor has never testified before the Judge.

(Debtor's App. at ¶ 2).

Granting Debtor's motion for leave to appeal

3

will not materially advance the ultimate termination of the litigation. In fact, granting the motion would have exactly the opposite effect in this case where it is clear that Judge Hall is fully familiar with the parties, particularly Debtor, who have been involved in at least six bankruptcy proceedings in the Bankruptcy Court for the Eastern District of New York. In other words, as this Court stated in its last opinion involving the Debtor, "[t]he Bankruptcy Court's decision to transfer venue illustrates the Court's extensive understanding of the circumstances of the underlying bankruptcy proceedings, the relationship between the debtors and the various prior bankruptcy proceedings in this District to which the debtor was and is a party." In re Metz, No. 94-CV-5273 (E.D.N.Y July 12, 1995). Likewise, Judge Hall's decision to deny Debtor's motion to recuse the Judge did not involve a controlling question of law, but rather an exercise of the Bankruptcy Court's discretion.

Finally, this Court notes that denial of a motion to recuse is reviewed for abuse of discretion. See In re McIntosh, 137 B.R. 967, 970 (D.Colo. 1992). Pursuant to 28 U.S.C. § 455(a) "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might

reasonably be questioned." Judge Hall's comments, as characterized by Debtor, do not exhibit the bias or partiality that would justify recusal. As the United States Supreme Court has stated, "'only in the most extreme of cases' would disqualification on the basis of bias or prejudice be constitutionally mandated." In re Chandler's Cove Inn, Ltd., 74 B.R. 772, 775 (Bankr. E.D.N.Y. 1987) (quoting Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 821 (1986)). Thus, Debtor's motion is also without merit.

### III. Conclusion

Debtor, James T. Metz, is denied leave to appeal an interlocutory order of the Bankruptcy Court denying Debtor's motion to recuse Bankruptcy Judge Robert J. Hall. Debtor's motion for a writ of mandamus is similarly denied.

SO ORDERED.

_____
Judge, U.S.D.C.

Dated: Uniondale, NY
August 30, 1995

5